## COMMONWEALTH *vs.* EDWARD C. LOGAN.

An indictment for a nuisance by keeping a building in a certain town for the purposes prohibited by the *St.* of 1855, *c.* 405, § 1, need not specifically describe the place of the building.

An indictment for keeping a building as a nuisance in violation of *St.* 1855, *c.* 405, is sustained by proof of occupying the whole building and using a part of it for the purposes prohibited by that statute.

The *St.* of 1855, *c.* 215, prohibiting the sale of intoxicating liquors, except as therein authorized, extends to sales of liquors owned by the seller at the time of its passage.

INDICTMENT on *St.* 1855, *c.* 405, § 1, for a nuisance in keeping and maintaining at Gloucester " a certain building, to wit, a shop," resorted to for illegal gaming and used for the illegal sale and keeping of intoxicating liquors.

At the trial in the court of common pleas, *Perkins*, J., instructed the jury that the indictment described the building with sufficient precision and accuracy.

There was evidence tending to show that the building in question was a two story building; that the defendant occupied, kept and maintained the whole of it, and made a large number of sales of intoxicating liquor in the lower story ; and that the second story was divided into three rooms, a bed room, a sitting room, and a billiard room. The defendant contended that if the jury were satisfied that the upper part of the building was used for the purposes of a billiard saloon, they could not convict the defendant, unless they were also satisfied that intoxicating liquors had been illegally kept or sold in such billiard saloon. But the court instructed the jury that they must be satisfied " that the main and prevailing business and use of the whole building by the defendant was the illegal sale and keeping of intoxicating liquor ; that it was not necessary that actual sales should have been made on every foot of the premises ; that if there was a room that had a bed in it, and that bed was used for a clerk or servant of the defendant, engaged for him in the illegal sales of liquor in the establishment, and to facilitate the business of selling liquor therein, or one that had

billiard tables used for the purpose of enticing customers to the purchase of liquors, and to entertain them as such customers when there, so that the whole building and all the rooms in it were subservient and subordinate to the general use of selling and keeping liquor illegally, being all used, kept and maintained by the defendant, and in no part as a dwelling-house, or for any separate matter or business, the jury would be warranted in finding that the defendant used the building and kept and maintained it in the manner described, so far as it was necessary to prove the extent of the use to justify the description in the indictment as a building."

The defendant further requested the court to instruct the jury that the Commonwealth was bound to prove that the defendant had acquired the liquors sold by him at some time since the passage of the *St.* of 1855, *c.* 215, and that if the liquors were owned by the defendant at the time of the passage of that act, it was not illegal for him to sell the same. But the court declined so to instruct the jury. The defendant, being convicted, alleged exceptions to all the instructions given.

*W. D. Northend,* for the defendant. 1. The situation of the nuisance should be described with such accuracy as to enable an officer to ascertain it, when required to abate the nuisance, without injuring other property and rights of the defendant or others. *State* v. *Sturdivant,* 21 Maine, 9. *Commonwealth* v. *Hall,* 15 Mass. 240.

2. A tenement kept as a nuisance must be particularly described and distinguished from the rest of the building, so that a judgment to abate the nuisance may cover only the apartment illegally used ; and if a part of a building is used for the illegal sale of intoxicating liquor, and other parts for a bed room and billiard room, these, although intended to entice persons into that, cannot properly be described as part of the place in which the nuisance exists. *Commonwealth* v. *McCaughey,* 9 Gray, 296.

3. The *St.* of 1855, *c.* 215, is inoperative as to liquors owned by the defendant at the time of its passage.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

BIGELOW, J.   1. No doubt, in an indictment for. a keeping and maintaining a common nuisance, the place in which the nuisance is alleged to be kept and maintained is a matter of local description, and must be proved as laid ; that is, it must be averred to be in a particular town, and the evidence must show that it was there situated.   Evidence that it existed in any town in the county would not support the allegation as in ordinary cases, when the averment of place is immaterial and it is sufficient to prove that the offence was committed within the precincts of the county.   But no objection is taken in the present case that the evidence did not show that the alleged nuisance was kept by the defendant in Gloucester, according to the allegation in the indictment.   The objection is only that it does not describe specifically the place in that town where it was kept.   But this is not necessary.   The allegation is according to the most approved precedents, and is in no respect defective or insufficient.   Archb. Crim. Pl. (13th ed.) 74, 749.   2 Stark. Crim. Pl. (2d ed.) 684 *& seq.*

2. The instructions of the court as to the use of the building were sufficiently favorable to the defendant.   The entire building was occupied by the defendant, and if a portion of it was used for purposes which are prohibited by law, and which constituted a nuisance, the indictment is well maintained.   *Commonwealth* v. *Godley*, 11 Gray, 454.   It is not necessary to prove that every part or room in a building is used for illegal purposes. It is sufficient if it appears that the entire building, constituting one tenement, is used and occupied by the defendant, and that a part of it is appropriated to uses which the law deems to be *injurious to the neighborhood and destructive of the peace and good order of the community.*   Such use of a part makes the whole building a nuisance.

3. By *St.* 1855, *c.* 215, all sales of spirituous and intoxicating liquor, except as therein specified, are prohibited.   Liquors owned by a person when the statute went into operation are not within the exception, but are included within the prohibition.                              *Exceptions overruled.*